IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

VINCENT E. HARRELL,

                Plaintiff,

v.

CHARLES COLE, LON BECHER, MICHAEL BAENEN,
PETER ERICKSEN, HAYlEY PUCKER, CATHY FRANCOIS,
MICHAEL MOHR, JEANANNE ZWIERS,
RICHARD HEIDORN, MARILYN VANDERKINTER,
KATHY LEMENS, MARK LESATZ, TODD KAZIK,
SCOTT LEURQUIN, JOSEPH VERDEGAN and
WAYNE LAUFENBERG[1],

                Defendants.

ORDER

14-cv-92-jdp

_____

On May 21, 2014, this court granted plaintiff Vincent Harrell leave to proceed on his Eighth Amendment deliberate indifference claims against defendants Richard Heidorn, Kathy Lemens, Wayne Laufenberg, Scott Leurquin, Peter Ericksen, Jeananne Zwiers, Michael Mohr, Cathy Francois, Lon Becher, Hayley Pucker, Charles Cole and Michael Baenen and his First Amendment retaliation claims against defendants Laufenberg and Todd Kazik.

On June 16, 2014, the Attorney General's office accepted service of plaintiff's complaint on behalf all of the defendants *except* Charles Cole, who is deceased. *(See* dkt. #9.) Defendants have served plaintiff with a copy of the Acceptance of Service, which provides notice that Cole's has died. *See* Certificate of Service Chart, (dkt. 10-1).

Federal Rule of Civil Procedure 25(a) governs the substitution of parties upon death and provides in relevant part: If a party dies and the claim is not extinguished, then the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. Fed. R. Civ. P. 25(a)(l).

---

[1] I have amended the caption to replace Health Service Manager Zwiers with the name Jeananne Zwiers, Captain Lesatz with the name Mark Lesatz, C/O Kazik with the name Todd Kazik, C/O Leurquin with the name Scott Leurquin, C/O Verdegan with the name Joseph Verdegan, C/O Laufenberg with the name Wayne Laufenberg as identified in the Acceptance of Service.

If plaintiff wishes to continue to pursue a claim against Cole, and if plaintiff believes that Cole's death has not extinguished the claim against him, then plaintiff should file a motion to substitute the proper party within 90 days of notice of Cole's death. It is up to plaintiff to identify who the proper party would be.

The State's service notice is dated June 18, 2014, and F.R. Civ. Pro. 6(d) allows plaintiff three extra days beyond the 90-day limit of Rule 25. Therefore, plaintiff's deadline to file a motion to substitute the proper party for defendant Cole is **September 19, 2014.** If plaintiff does not file such a motion, then his claim against Cole will be dismissed in accordance with Rule 25.

ORDER

IT IS ORDERED that plaintiff Vincent Harrell has until September 19, 2014 to file a motion to substitute parties. If he does not, then this court shall dismiss plaintiff's claims against defendant Charles Cole.

Entered this 8th day of July, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge